

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# Jerry v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1606

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jerry v. Williamson" (2006). *2006 Decisions.* Paper 58.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/58

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-19                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1606
_____

BERNARD CARTER JERRY,

Appellant,

v.

DONALD WILLIAMSON; DAVID DIGUGLIELMO; F. FIELD;
MICHAEL WENEROWICZ

_____

On Appeal From the United States District Court
For the District of Eastern Pennsylvania
(D.C. Civ. No. 04-cv-5782)
District Judge: Honorable Harvey Bartle III
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 19, 2006
Before: MCKEE, FUENTES AND ROTH, <u>Circuit Judges</u>.

(Filed December 20, 2006)

_____

OPINION
_____

PER CURIAM

Bernard Carter Jerry, a state prisoner in Pennsylvania, appeals the order of the

United States District Court for the Eastern District of Pennsylvania granting summary

judgment to the appellees, who are all officials of the state prison system. In 2004, Jerry filed a lawsuit under 42 U.S.C. § 1983 against Donald Williamson, Department of Corrections Chief of Inmate Transfers, Transportation, and Records; David DiGuglielmo, Superintendent of SCI-Graterford; Michael Wenerowicz, Unit Manager at SCI-Graterford; and F. Feild, Unit Major at SCI-Graterford,[1] alleging violations of his First and Fourteenth Amendment rights. After the parties conducted discovery, the appellees filed a motion for summary judgment, and the district court granted the motion on all claims on February 8, 2006. Jerry timely appealed.

The appellees have moved for summary action in this appeal. Summary action is appropriate only where there is no substantial question presented in the appeal. See Third Circuit LAR 27.4; I.O.P. 10.6. We find that there is no substantial question presented in this appeal and will affirm the district court's order for the same reasons provided in its memorandum opinion issued on February 8, 2006.

In an as-yet unfiled appellate brief,[2] Jerry argues that his retaliation claim should have survived the motion for summary judgment. We disagree. He identifies a number of theories to support this assertion, but none is viable here. No statute of limitations or procedural timing requirements exist which would bar Jerry's transfer from SCI-

_____

[1] According to appellees' answer and the motion for summary judgment filed in the district court, the correct spelling of this name appears to be "Feild" and not "Field," as it is spelled in the caption.

[2] In accordance with the Clerk's 3/22/06 order, Jerry's "Pro Se Brief" was not filed in this Court but was provided to the panel for informational purposes only.

Graterford.  Rather, prison officials clearly have the discretion to effectuate a "Demotional Transfer" when an inmate exhibits "poor behavior" or when an inmate, having previously obtained an incentive-based transfer, "fail[s] to maintain the incentive-based criteria."  (Department of Corrections Reception and Classification Procedures Manual, § 8, ¶ E(5)(a), annexed to Defendants' Motion for Summary Judgment as Ex. 4, at 6.)  In this instance, as an incentive-based transferee, Jerry had to remain free of Class I misconducts for one year after the transfer and to have no more than one Class II misconduct during that year.  Jerry failed to meet this incentive-based criteria after his transfer, as he obtained three Class I or Class II misconducts by the time that prison officials, namely Feild and Wenerowicz, recommended re-transfer.  Even if one of those misconducts occurred after the one-year point had passed, Jerry had already incurred two other misconducts within that year that qualified him for re-transfer.

Jerry also challenges the district court's conclusion that he had failed to support a retaliation claim under Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  In that case, we explained that, for a retaliation claim, an inmate must demonstrate that he was engaged in a constitutionally protected activity, that he suffered some adverse action at the hands of the defendants, and that there was a causal link between the constitutionally-protected activity and the adverse action.  Id.  As we noted, however, even if those three elements are proved, prison officials may still prevail if they can show that they would have undertaken the same action despite the protected conduct "for reasons reasonably related

to a legitimate penological interest." Id. at 334. Even assuming, arguendo, that Jerry could have proved that his letters to the governor were considered a constitutionally-protected activity, that appellees took actions to deter the exercise of his rights, and that the activity was the substantial motivating factor behind the officers' recommendation for re-transfer (none of which he did prove), the officers were entitled to prevail because Jerry's behavior–including three misconducts–provided sufficient, penologically grounded reasons for the staff to recommend his re-transfer.

Finally, Jerry argues that his experience at SCI-Graterford and the circumstances surrounding his re-transfer constituted atypical and significant hardships. See, e.g., Sandin v. Conner, 515 U.S. 472, 484 (1995). But just as the district court pointed out, Jerry did not have a protected liberty interest in the re-transfer entitling him to due process protection in the first place. Pennsylvania code clearly states that an inmate does not have a right to be housed in a particular facility. 37 Pa. Code § 93.11(a). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. Olim v. Wakinekona, 461 U.S. 238, 251 (1983). Jerry's transfer therefore did not implicate the due process clause. See Sandin, 515 U.S. at 486-487.[3]

We will summarily affirm the district court's order entered on February 8, 2006.

---

[3] To the extent that Jerry contends the circumstances surrounding his last misconduct involving a fight with another inmate violated his rights, the time that he spent in administrative custody as a result of the misconduct did not constitute an "atypical and significant hardship" implicating due process rights. See Sandin, 515 U.S. at 483-84.

The motion to proceed on the original record will be denied.